UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JANE T.C. DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>G6 HOSPITALITY, LLC, ET AL.,<br><br>Defendants. | No. 2:25-cv-2580-WBS-JDP<br><br>ORDER RE: DEFENDANTS' MOTIONS TO DISMISS AND/OR TRANSFER |

----oo0oo----

This matter is before the court on defendants' motions to dismiss pursuant Federal Rule of Civil Procedure 12(b) for lack of personal jurisdiction, improper venue, failure to state a claim upon which relief can be granted.  Because plaintiff failed to file timely opposition, the court takes the motions under consideration without oral argument.  See Local Rule 230(c).  And because the court finds it lacks personal jurisdiction over any of the defendants, it does not reach the motions to dismiss for improper venue or failure to state a claim.

Rule 12(b)(2) provides for dismissal of an action when

1

the court lacks personal jurisdiction over the defendant.  Fed. R. Civ. P. 12(b)(2).  A plaintiff bears the burden of establishing personal jurisdiction. See Doe v Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001).  In assessing a plaintiff's showing, the court may consider evidence presented in affidavits as well as other evidence procured during discovery. Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977); but see Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).  But when the court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.

In the absence of an applicable federal statute authorizing personal jurisdiction, the court applies the law of the state in which the district court sits. Mavrix Photo, Inc., 647 F.3d at 1223.  In California, the state's long-arm statute is coextensive with federal due process requirements. Cal. Code Civ. Proc. § 410.10.  Thus, the "jurisdictional analyses under state law and federal due process are the same." Mavrix Photo, Inc., 647 F.3d at 1223 (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (2004)).

"For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger, 374 F.3d at 801 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Thus, a court may exercise jurisdiction over a corporate

defendant if it has either (A) general jurisdiction or (B) specific jurisdiction over that defendant. Daimler AG v. Bauman, 571 U.S. 117, 126-27 (2014).

  A. This court lacks general jurisdiction over defendants

    Corporations are subject to a district court's exercise of general jurisdiction "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). For corporate entities, general jurisdiction typically exists where the corporation is "at home." Daimler, 571 U.S. at 137. A corporation is "at home" at its place of incorporation and principal place of business. Id.

    Corporate entities may also be subject to a court's general jurisdiction in "exceptional case[s]" wherein the corporation's affiliations or contacts with the forum are "so substantial and of such a nature as to render the corporation at home in that State." Id.; see also Martinez v. Aero Caribbean, 764 F.3d 1062, 1070 (9th Cir. 2014) ("Only in an 'exceptional case' will general jurisdiction be available anywhere else.").

    When evaluating whether a corporation is subject to general jurisdiction, a district court's analysis must appraise "the corporation's activities in their entirety, both nationwide and worldwide." Daimler, 571 U.S. at 139 n.20. "A corporation that operates in many places can scarcely be deemed at home in all of them." A.B. v. Hilton Worldwide Holdings Inc., 484 F. Supp. 3d 921, 932 (D. Or. 2020) (internal citation and quotation

1  marks omitted).
2          This court lacks general jurisdiction over defendants
3  in this case because (1) neither Hilton nor G6 Hospitality are
4  "at home" in California and (2) plaintiff has failed to establish
5  that either defendant constitutes an "exceptional case" for
6  purposes of general jurisdiction.
7              i.   Hilton
8          Hilton is incorporated in Delaware, its global
9  headquarters and principal place of business is in Virginia, and
10 its "Hotel Operations Center" is in Tennessee.  (Docket No. 10-1
11 at 2; see also Docket No. 10 at 11.)  For purposes of general
12 jurisdiction, then, Hilton is "at home" in Delaware and Virginia,
13 and it is arguably "at home" in Tennessee.  Hilton, together with
14 its parent company and its affiliates, brand some 8,807
15 properties globally, where Hilton manages roughly 850 of those
16 properties and franchises an estimated 7,911 properties.  (Docket
17 No. 10-1 at 2.)
18         With respect to California, "Hilton or its parent
19 company or affiliates brand 478 properties in California,
20 including 36 managed properties, and 429 franchised properties."
21 (Id.)  According to the evidence presented by Hilton, as of
22 August 31, 2025, the company's California portfolio only makes up
23 "approximately 5% of Hilton Worldwide Holdings Inc.'s worldwide
24 operations."  (Id.)
25         In the context of the court evaluating Hilton's
26 "activities in their entirety, both nationwide and worldwide,"
27 Daimler, 571 U.S. at 139 n.20, Hilton's contacts with California
28 fall far short of constituting the kind of exceptional case

4

1  necessary to establish general jurisdiction.
2          ii.  <u>G6 Hospitality</u>
3          Like Hilton, G6 Hospitality is also a Delaware
4  corporation, but unlike Hilton, G6 Hospitality's principal place
5  of business is in Texas.  (Docket No. 12 at 9.)  For purposes of
6  general jurisdiction, then, G6 Hospitality is "at home" in both
7  Delaware and Texas, but not California.  Indeed, plaintiff
8  asserts only one point of contact between G6 Hospitality and
9  California which is more substantive than the insufficient
10 contacts cited to establish the court's jurisdiction over Hilton:
11 According to plaintiff, "Defendant Motel 6, Inc. is subject to
12 the jurisdiction of this Court because it is a California limited
13 partnership."  (Docket No. 1-1 at 13.)  The trouble for plaintiff
14 is that she is wrong.
15         According to the evidence presented by G6 Hospitality,
16 Motel 6, Inc., is not a California limited partnership.  (Docket
17 No. 12 at 9 n.4.)  Rather, "[t]he franchise agreement relating to
18 th[at] property . . . is held by a <u>Texas Limited Liability
19 Company</u>, by the name of Krishna Balram, LLC."  (<u>Id.</u> (emphasis
20 added); <u>see also</u> Docket No. 12-1 at 2 ("The Property's franchise
21 agreement is between Krishna Balram, LLC, a Texas Limited
22 Liability Company and G6 Hospitality LLC a Texas Limited
23 Liability Company."); Docket No. 12-2 at 11—14 (showing the
24 articles of organization in Texas); <u>id.</u> at 16—18 (showing a
25 "Certificate of Amendment" filed with the Office of the Secretary
26 of State of Texas in 2011 that changed the corporation's name
27 from "Dallas Motel6, L.L.C." to "Krishna Balram, L.L.C.").)
28 Beyond this, plaintiff fails to allege any other facts suggesting

1 that G6 Hospitality's contacts with California constitute an
2 "exceptional case."
3       Thus, the court lacks general jurisdiction over
4 defendants because they are non-resident corporations and because
5 plaintiff has not otherwise demonstrated sufficient contacts to
6 render defendants "at home" in California.
7     B.   This court lacks specific jurisdiction over defendants
8       To establish that a defendant is subject to a court's
9 specific jurisdiction, the plaintiff must show that the
10 "defendant's activities are directed toward the forum state and
11 the defendant's liability arises out of or relates to those
12 activities." Massie, 2021 WL 2142728 at *2 (citing Daimler, 571
13 U.S. at 127); see also Int'l Shoe Co. v. Washington, 326 U.S. 310
14 (1945). When evaluating whether a defendant has adequate
15 contacts to support specific jurisdiction, courts in this circuit
16 apply a three-prong test. Massie, 2021 WL 2142728 at *2.
17       Under the first prong, "the nonresident defendant must
18 have purposefully availed himself of the privilege of conducting
19 activities in the forum by some affirmative act or conduct."
20 Roth v. Garcia Marquez, 942 F.2d 617, 620-21 (9th Cir. 1991)
21 (citing Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th
22 Cir. 1990), rev'd on other grounds, 499 U.S. 585 (1991)). To
23 satisfy the second prong, "plaintiff's claim must arise out of or
24 result from the defendant's forum-related activities." Garcia
25 Marquez, 942 F.2d at 621. And to satisfy the third prong
26 "exercise of jurisdiction must be reasonable." Id.
27       A defendant will be subject to the court's specific
28

6

1 | jurisdiction only if all three prongs of the Garcia Marquez test
2 | are met.  See Massie, 2021 WL 2142728 at *2; see also Garcia
3 | Marquez, 942 F.2d at 620—25.  And where a plaintiff fails to
4 | carry her burden as to either of the first two prongs, the
5 | inquiry ends.  Because plaintiff fails to satisfy the second
6 | prong, the court need not consider the others.  In her complaint,
7 | all the events alleged by plaintiff that give rise to her cause
8 | of action took place in Texas and occurred because of defendants'
9 | activities related to Texas and are unrelated to any of
10 | defendants' alleged contacts with California.  (See Docket No. 1-
11 | 1.)  As a result, the court lacks specific jurisdiction over
12 | defendants.
13 |         IT IS THEREFORE ORDERED that defendants' unopposed
14 | motions to dismiss under Rule 12(b)(2) (Docket Nos. 10, 12) be,
15 | and the same hereby are, GRANTED, without prejudice to
16 | plaintiff's right to refile her action in a court which has
17 | personal jurisdiction over defendants.
18 |         IT IS FURTHER ORDERED that defendant G6 Hospitality's
19 | unopposed motion to transfer (Docket No. 12) be, and the same
20 | hereby is, DENIED, as moot.
21 | Dated:  December 8, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE